*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-212

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| Mary Riby-Williams | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Family Division |
| | } | |
| Emmanuel Riby-Williams | } | DOCKET NO. 46-3-11 Wnfa |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Defendant Emmanuel Riby-Williams appeals pro se from a superior court judgment granting a final relief-from-abuse order in favor of plaintiff Mary Riby-Williams. We affirm.

The record discloses that plaintiff filed a complaint for relief from abuse in early March 2011. The court issued a temporary order on March 6, and held a hearing on March 10, 2011. Plaintiff testified that the parties, who were married, have three children, a girl who was ten years old at the time, and two younger boys. She stated that she and her daughter went to a friend's on March 4, 2011, to spend some "mother and daughter" time, that defendant became angry because he wanted their daughter at home with the other children, and that he went to the friend's house and pounded on the door—breaking the doorframe in the process—demanding his daughter. The police were called, but no arrests were made. Plaintiff testified that later, after they returned home, defendant became angry, choked her to the point where she could not breathe, and punched her in the face. She stated that defendant has a temper, and that he has abused her in the past. Defendant, who was represented by counsel, testified about the incident in question, explaining that he disapproved of his daughter spending extensive time at the friend's house. He stated that he went to the house and became extremely worried when there was no answer despite his sense that people were in the house, and that he knocked very hard to be heard. Defendant denied that he later choked or hit plaintiff, and denied that he had ever hit his wife, explaining that he was a teacher and always told his students and children to use their words not their hands if they have an argument.

At the conclusion of the hearing, the court found that defendant had threatened, choked, and punched plaintiff, causing her pain, and granted the final relief-from-abuse order. The order prohibited defendant from contacting plaintiff or coming within 500 feet of her residence or place of employment, and provided for parent-child contact to be determined through subsequent agreement. A subsequent order incorporated the parties' agreement dividing child custody based on the parties' respective work schedules. Defendant later filed a motion for new trial, claiming that his attorney had failed to provide adequate assistance in failing to cross-examine plaintiff, adduce evidence that plaintiff had been violent in the past, and call other witnesses. Defendant's attorney filed an affidavit in support of the motion, stating that he was a personal friend of

defendant, that he was not experienced in this area of the law, and that he had not served defendant well. The trial court denied the motion. This appeal followed.

Defendant raises several issues that appear to go to the sufficiency of the evidence, asserting that that there was no "concrete" evidence to support the judgment, that there was no evidence as to whether plaintiff called the police or went to the hospital, and that the trial court erred in ruling on the basis that defendant has a temper. Our review is limited. We review the findings of the trial court in the light most favorable to the judgment, disregarding the effect of modifying evidence, and will affirm the findings if supported by any credible evidence, and the court's conclusions if rationally supported by the findings. Coates v. Coates, 171 Vt. 519, 520 (2000) (mem.). Because the trial court is in the best position to assess the credibility of witnesses, observe their demeanor, and weigh the evidence, we will not set aside the court's findings unless clearly erroneous. Begins v. Begins, 168 Vt. 298, 301 (1998). The trial court here was thus entitled to credit plaintiff's testimony, which clearly supported its finding that defendant choked and hit plaintiff and caused her harm, and we therefore discern no basis to disturb the order.

Defendant also asserts that the court erred in denying his motion for new trial based on a claim of ineffective assistance of counsel. The record discloses, however, that defendant—under questioning by his attorney—testified extensively about the incident in question and his troubled relationship with plaintiff. Defendant was thus afforded ample opportunity to set forth his version of the events in question. Moreover, apart from the bare claim of prejudice, defendant has not shown how cross-examination of plaintiff or other unnamed witnesses would have altered the outcome. Accordingly, we find no error warranting reversal of the judgment.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice